UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS MOSLEY,<br>  Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:20-CV-255-JVB-APR<br>) |
| UNITED STATES DEPARTMENT OF<br>TRANSPORTATION,<br>  Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [DE 21] filed on January 4, 2021, by Defendant United States Department of Transportation (USDOT), and on a Motion to Strike Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgement [DE 29] filed by Plaintiff Marcus Mosley, *pro se*, on April 9, 2021. Responses to both motions were filed, as was a reply to the motion to dismiss. For the reasons below, the Court denies the motion to strike and grants the motion to dismiss.

**MOTION TO STRIKE**

Mosley asks the Court to strike USDOT's Motion to Dismiss or Alternatively, Motion for Summary Judgment. Mosley states that his request falls under Federal Rule of Civil Procedure 12(f), but that rule governs the striking of pleadings, and a motion is not a pleading. *See* Fed. R. Civ. P. 7(a) (listing the pleadings that are permitted in a federal civil action).

In substance, Mosley's motion does not provide a basis on which to strike USDOT's motion. USDOT's motion is not procedurally disallowed, and Mosley's arguments relate to the merits of the motion. Therefore, the motion to strike is denied, but the Court will consider Mosley's arguments in ruling on the merits of USDOT's motion.

## MOTION TO DISMISS

### A. Judicial Notice

USDOT has attached to its motion to dismiss several documents related to Mosley's administrative proceedings. Generally speaking, the Court does not review evidence when ruling on a motion to dismiss under Rule 12(b)(6), but there are exceptions. The Court may consider documents that a plaintiff refers to in the complaint that are central to the plaintiff's claims regardless of whether those documents are attached to the complaint. *Davis v. Potter*, 201 F. Supp. 2d 850, 856 (N.D. Ill. 2004) (citing *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Duferco Steel, Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997)). Additionally, courts can take judicial notice of governmental agency official actions and determinations. *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000).

USDOT's exhibits 1 and 6-12 are agency decisions that the Court can take judicial notice of. Exhibit 4 is a partial acceptance of Mosley's January 5, 2017 complaint of discrimination, which is an agency action that the Court will take judicial notice of. Exhibit 2 is EEO counseling data for Mosley, which appears to be the written report required by 29 C.F.R. § 1614.105(c). As such, it is part of the record created for the administrative processing of Mosley's complaint. Further, Mosley does not refute the authenticity or accuracy of the record. Thus, the Court concludes that it can take judicial notice this report and its note that April 8, 2016, was the date of Mosley's initial contact with the EEO counselor. *See Donald v. City of Chicago*, --- F. Supp. 3d ---, --- n. 3, 2021 WL 1946335, at *4 (N.D. Ill. May 14, 2021) ("[T]he court may take judicial notice of matters of public record, including records of administrative bodies.").

Exhibit 3 contains email communication with what appears to be Mosley's administrative-level complaint dated both May 2, 2016, and January 5, 2017, and Exhibit 5 is a memorandum and

communication with Mosley regarding an August 31, 2012 final order on a complaint of discrimination filed by Mosley. Exhibits 3 and 5 do not appear to be official actions or determinations. These documents are not necessary for the Court's decision, so determining whether judicial notice would be proper is not necessary.

### B. Factual Background

Plaintiff Marcus Mosley was a Motor Carrier Safety Specialist with the Federal Motor Carrier Safety Administration (FMCSA), an agency of USDOT. (Def.'s Ex. 1, p. 4, Final Agency Decision dated 6/27/16, ECF No. 21-1). Mosley was terminated from his position and federal service on February 3, 2015. (*Id.* at p. 3; Pl's Compl. ¶ 57). Over a year after his termination, on April 8, 2016, Mosley sought EEOC counseling, leading to his present Complaint. (Def.'s Ex. 2 at 2, EEOC Counseling Data, ECF No. 21-2). At the time of his April 8, 2016, initial contact with EEOC counseling, the only allegation Mosley made that had occurred within 45 days was that the Agency provided an incorrect performance evaluation to the Office of Personnel Management ("OPM"), in response to his claim for disability retirement benefits. (*Id.*). Mosley also alleged a number of other acts of discrimination at the time of his EEO counseling arising from his prior employment with the FMCSA, each having occurred prior to his termination and more than 45 days before April 8, 2016. (*Id.*).

In his Complaint, Mosley alleges employment discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990.

As for specific allegations of wrongdoing, there are three categories. The first involves USDOT's handling of Mosley's administrative complaint of discriminatory workplace practices. Mosley alleges that USDOT failed to act on a complaint of discrimination that was made at the

administrative level. He further alleges that it failed to make reasonable efforts to resolve the complaint informally or to submit documents to the EEOC investigator. He alleges that USDOT falsified its records to incorrectly indicate that Mosley never field a formal EEOC complaint.

The second category of allegations involves USDOT's and Mosley's now-terminated employment relationship. Mosley alleges that USDOT failed to make reasonable accommodations to Mosley's physical limitations. Mosley alleges that he was discriminatorily given an unsatisfactory performance review and charged as away without leave immediately after the resolution of a 2010 EEOC hearing. He alleges that more unsatisfactory reviews followed, as did the denial of promotions, advancement, and within grade increases. He alleges that he was falsely accused of criminal conduct and was also involuntarily dismissed. He alleges that he applied for positions and was not selected due to negative references given by his supervisor. He alleges that USDOT issued paychecks based on fraudulent time and attendance and paid Mosley too much money. Mosley alleges that, due to managerial conduct, his workplace environment was intolerable.

Finally, there are some allegations that sound in tort. Mosley alleges that USDOT "and its agents have defamed my character, painted me as not trustworthy, prevented advancement and promotion, and most recently prevented me from coaching soccer for my daughter, and assisting coaching with the golf team." (Compl. ¶ 106). Mosley also alleges that USDOT maliciously caused a criminal prosecution to be initiated against Mosley in the absence of probable cause. *Id.* at ¶¶ 107, 109.

### C. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of*

*Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [his] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Two weeks after deciding *Twombly* and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Supreme Court reaffirmed that "[a] document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quotation marks and citations omitted).

5

**D. Analysis**

*1.   Actions Related to Employment*

Federal employees must exhaust their administrative remedies before they can seek relief through federal litigation. 42 U.S.C. § 2000e-16(c); *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). The administrative process begins with contact with the employee's agency's Equal Employment Opportunity (EEO) counselor, which must be made within 45 days of the alleged discriminatory incident or within 45 days of the effective date of an allegedly discriminatory personnel action. 29 C.F.R. § 1614.105(a). If timely contact is not made, claims of discrimination are properly dismissed for failure to exhaust the administrative remedies. *See Harmon v. Gates*, No. 1:08-cv-003, 2009 WL 10715246, at *3 (S.D. Ind. Sept. 11, 2009). Following timely contact, the employee has 180 days after the alleged unlawful employment practice to file a charge of discrimination against the agency. 42 U.S.C. § 2000e-5(e)(1). The 45- and 180-day deadlines are construed as statutes of limitations and not jurisdictional prerequisites. *Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006) *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

Mosley contacted his agency EEO counselor on April 8, 2016. (Def.'s Ex. 2, 2, ECF No. 21-2). Accordingly, only actions occurring on or after February 23, 2016, are timely. Mosley was terminated from his federal employment on February 3, 2015. *See id.* at 3. Thus, any events occurring during Mosley's employment and any events occurring after Mosley's termination but before February 23, 2016, are untimely. Claims based on events prior to this date are dismissed. These dismissed claims include alleged retaliation after a 2010 EEOC hearing, including "unsatisfactory ratings" on performance reviews; and misconduct regarding Mosley's time records, pay, and health insurance. The Court dismisses these claims with prejudice. *See Conover*

6

*v. Lein*, 87 F.3d 905, 908-09 (7th Cir. 1996) (claims barred by a statute of limitation are dismissed with prejudice).

In his EEOC counseling, Mosley did assert that on March 21, 2016, FMCSA retaliated against Mosley by providing (or allowing to be submitted) information—such as factually incorrect performance evaluations—regarding Mosley's disability retirement application. This allegation took place within the applicable time period. In his complaint, however, Mosley does not raise the matters regarding his disability retirement application as a basis on which he asks this Court for relief. Thus, these allegations are not properly before the Court for consideration.

*2. Actions Related to Administrative Process*

Mosley alleges that USDOT failed to take action on his December 28, 2016 charge. Though Mosley asserts that USDOT's failure to act was discriminatory, he did not file a complaint with the EEOC on this allegation. *See* (Compl. at 1 (listing only December 28, 2016 as a date on which he filed a charge of discrimination with the EEOC)). Accordingly, Mosley failed to exhaust his administrative remedies regarding this allegation of employment discrimination by USDOT through failing to take action on the December 28, 2016 charge, so claims based on these allegations are dismissed. Dismissals for failure to exhaust are without prejudice, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), but unless Mosley timely filed a complaint with the EEOC on this allegation, he will not be able to proceed in Court on these claims.

*3. Tort Claims*

Mosley mentions the torts of defamation, (Compl. ¶ 106), and malicious prosecution, (Compl. ¶¶ 107, 109). "The Federal Government cannot be sued without its consent." *U.S. v. Navajo Nation*, 556 U.S. 287, 289 (2009). To maintain a viable claim against the United States in

7

federal court, a plaintiff must identify a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin v. U.S.*, 300 F.3d 814, 819 (7th Cir. 2002).

As USDOT points out, Mosley, in his complaint, has not purported to bring claims under the Federal Tort Claims Act or any other law that waives sovereign immunity as to alleged tortious actions. Therefore, the tort claims must be dismissed. Mosley mentions the Federal Tort Claims Act in his response and contends that he exhausted his administrative remedies under that act. *See* (Resp. 8, ECF No. 26). Therefore, Mosley will be given leave to amend his complaint regarding the tort claims.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion to Strike Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgement [DE 29]. The Court **GRANTS** Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [DE 21]. Plaintiff Marcus Mosley's complaint is **DISMISSED**.

The allegations of tortious actions and discriminatory failure to take action on the December 28, 2016 charge are **DISMISSED WITHOUT PREJUDICE**. The other allegations in the complaint are **DISMISSED WITH PREJUDICE**.

Plaintiff may file a motion to amend his complaint **on or before October 15, 2021**. Claims that have been dismissed with prejudice may not be realleged in any amended pleading. If no filing is made by the deadline, this case will be dismissed.

SO ORDERED on September 16, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
