UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARCUS MOSLEY,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:20-CV-255-JVB-APR<br>) |
| UNITED STATES DEPARTMENT OF<br>TRANSPORTATION,<br>        Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a "Motion for Relief to Order" [DE 36] filed by Plaintiff Marcus Mosley on December 16, 2021. The Defendant United States Department of Transportation (USDOT) filed a response on December 28, 2021, and Mosley filed a reply on January 6, 2022. Mosley states in his motion that the Court should not dismiss his claims, so the Court construes the motion as a motion to reconsider the Court's previous order granting a motion to dismiss.

**PROCEDURAL BACKGROUND**

Mosley, who is litigating *pro se*, initiated this lawsuit by filing a complaint on July 8, 2020. In his complaint, Mosley alleged that USDOT discriminated against him in violation of Title VII of the Civil Rights At of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. Mosley alleged that the discrimination occurred during his employment with USDOT and during the handling of Mosley's administrative complaint of USDOT's discrimination. Mosley alleged that USDOT committed tortious actions against him.

On September 16, 2021, the Court granted USDOT's motion to dismiss Mosley's complaint. The Court dismissed the allegations of discriminatory actions during Mosley's employment as time-barred. Allegations regarding failure to take action on Mosley's

administrative complaint were dismissed for failure to exhaust his administrative remedies. The tort allegations were dismissed for failure to allege a law that waives sovereign immunity as to those allegations. The Court gave leave for Mosley to file a motion to amend his complaint, but the deadline to do so passed without such a motion being filed. The day after that deadline, Mosley filed the instant motion.

## ANALYSIS

"[The District] Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 933 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted).

In his motion, Mosley restates his argument that USDOT failed to properly handle his administrative complaint, including taking over 1000 days to process it. As the Court stated in its opinion on the motion to dismiss, however, federal employees must exhaust their administrative remedies before they can seek relief through federal litigation, which includes EEOC contact and the filing of a charge of discrimination. 24 U.S.C. §§ 2000e-5(e)(1), -16(c); 29 C.F.R. § 1614.105(a). The Court previously held that Mosley did not file an EEOC complaint on this allegation. Mosley has not shown that this holding contains a manifest error of law or fact, nor has he met his burden to show that any of his relevant attachments are newly discovered evidence that could not have been discovered and produced prior to the Court's decision on the motion to dismiss. *See Caisse Nationale*, 90 F.3d at 1269 ("To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly

2

discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." (citation and alterations omitted)). The Court will not reconsider its decision to grant the motion to dismiss this claim.

Next, Mosley argues that the "Department Office of Inspector General" has not opposed Mosley's complaint so the Court should not dismiss the Complaint as to that party. However, only the United States Department of Transportation is listed as a defendant on Mosley's complaint, so the "Department Office of Inspector General" has never been a defendant in this case. *See* (Compl. at 1, ECF No. 1).

Mosley also asks the Court to take judicial notice of "the entire EEOC file." (Mot. 11, ECF No. 36). Mosley has not shown that any of the documents attached to his motion or reply are newly discovered. If Mosley wished to have the Court consider the documents, they should have been submitted with the briefing on the motion to dismiss.

Mosley next argues that he should be able to bring his tort claims in this lawsuit. However, Mosley has not shown manifest error of law or fact in the Court's previous finding that Mosley did not allege in his complaint a federal law that waived sovereign immunity as to his claims that sound in tort. The Court gave leave to Mosley to amend his complaint by December 15, 2021, regarding the Federal Tort Claims Act, which Mosley mentioned in his response to the motion to dismiss. Mosley did not file an amended complaint by his deadline. There is no reason presented to reconsider the Court's prior ruling on the tort claims.

In short, Mosley has not identified a manifest error of law or fact or shown that he has newly discovered evidence that the Court should consider. He generally rehashes the arguments that the Court has already addressed in the ruling on the motion to dismiss. Because Mosley has

not met the burden he bears in order to have the Court's prior order reconsidered, the Court will deny Mosley's motion.

## REQUEST FOR APPEAL

In the motion, Mosley included the following "I pray that if the Honorable Judge does not reconsider its Order, I request my appeal options to the 7th Circuit [C]ourt of Appeals." (Mot. 8, ECF No. 36). To the extent that Mosley is requesting, in his motion, that any decision adverse to him be automatically appealed, that relief is beyond this Court's power to grant. If he wishes to appeal, he must follow the Federal Rules of Appellate Procedure.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the "Motion for Relief to Order" [DE 36]. Because Mosley did not file a motion to amend his complaint and the deadline to do so has passed, the Court **DISMISSES** this cause of action.

SO ORDERED on April 5, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT